UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHEYENNE JOSEPH DONES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

15-cv-5332 (ARR) (RML)

**Opinion & Order**

ROSS, United States District Judge:

Plaintiff Cheyenne Joseph Dones ("plaintiff") brings this action against the United States of America ("defendant") to recover damages for personal injuries sustained in a motor-vehicle accident. On August 5, 2014, a United States Postal Service ("USPS") truck, driven by USPS employee Robert C. Bennett, struck plaintiff's vehicle from behind. Plaintiff is seeking a summary-judgment determination finding defendant liable, on the grounds that a rear-end collision creates a *prima facie* showing of negligence. Because there are factual disputes bearing on defendant's liability, plaintiff's motion for summary judgment is denied.

## BACKGROUND

### I. Factual Background

#### A. Undisputed Facts

On the morning of August 5, 2014, Bennett's USPS truck and plaintiff's 2008 Acura TL were traveling eastbound on Northern Boulevard in Queens. Def.'s 56.1 ¶¶ II.A.1–2, II.B.1–2, 5–6, ECF No. 34. The weather was clear, traffic was moderate, and both vehicles were traveling in the rightmost lane. *Id.* ¶¶ II.B.7–8. Bennett, who was directly behind plaintiff, was driving

1

approximately 20–25 miles per hour and leaving three car-lengths between his USPS truck and plaintiff's Acura. *See* Jodré Decl. Ex. D ("Bennett Dep."), at 21:17–20, ECF No. 32-6; Def.'s 56.1 ¶ II.B.10. Plaintiff was driving at approximately the same speed and leaving a single car-length between his vehicle and the vehicle in front of him. *See* Jodré Decl. Ex. C ("Dones Dep."), at 38:24–39:11, ECF No. 32-5; Pl.'s 56.1 ¶ II.A.5, ECF No. 32-1; Def.'s Br. 5, ECF No. 35.

As the cars were moving, a pickup truck located two cars in front of plaintiff started "blowing [debris] all over the road." Def.'s 56.1 ¶ II.A.6.[1] The pieces of debris were about "five feet" in size. *See id.* ¶ II.A.7. They did not hit plaintiff's car, but in order to drive over one piece that had fallen onto the road, plaintiff applied his brakes. *See id.* ¶¶ II.A.7–8.[2] Bennett saw plaintiff's brake lights come on and began to apply his own brakes. *See* Bennett Dep. 32:4–23. About one second later, the piece of debris went over plaintiff's car and toward Bennett's windshield. *See id.* at 31:17–32:3; *see also* Def.'s 56.1 ¶¶ II.B.15–17. Bennett did not see this piece of debris until it came over plaintiff's car. *See* Def.'s 56.1 ¶ II.B.17.[3] Bennett testified that when the debris was flying toward his truck, he did not know what it was made of. *See* Bennett Dep. 34:14–35:25. He claims that he simply saw "a shiny, silver-colored, box-shaped package, about four (4) feet long by three-and-a-half (3 ½) feet wide." Def.'s 56.1 ¶ II.B.14 (citing Bennett's testimony); *see also* Borheck Dep. 46:18–47:2 (testifying that the debris had aluminum

---

[1] Both parties refer to the material as "debris." *See, e.g.*, Def.'s 56.1 ¶ II.C.5. In plaintiff's deposition, he calls the debris "Sheetrock," *see, e.g.*, Dones Dep. 41:5–18, while Bennett testified that it was "Styrofoam," *see, e.g.*, Bennett Dep. 42:6–9. Steven Borheck, a USPS employee who arrived at the scene shortly after the accident, *see* Def.'s 56.1 ¶ II.C.1, also testified that the material was "Styrofoam." *See* Jodré Decl. Ex. E ("Borheck Dep."), at 24:8–25:2, ECF No. 32-7. For the purposes of this opinion, I will use the term "debris."

[2] The debate over the pressure with which plaintiff applied his brakes is discussed *infra*.

[3] While it is undisputed that Bennett did not see this piece of debris until it came over plaintiff's car, *see* Def.'s 56.1 ¶ II.B.17, Dones testified that the pickup truck was blowing debris over the road for approximately two or three minutes before the accident, *see* Dones Dep. 41:19–23.

2

wrapping on one side). Bennett then looked to the left to see if he could change lanes in order to prevent the object from hitting his truck. *See* Def.'s 56.1 ¶ II.B.19; Bennett Dep. 29:20–25; *see also* Bennett Dep. 77:14–20 (testifying that he was "afraid" the object would "com[e] through [his] windshield"). A few seconds later, while he was looking left, the front bumper of Bennett's truck collided with plaintiff's trunk. *See* Def.'s 56.1 ¶¶ II.B.19, 22, 25. Bennett believes the debris struck the front of his truck while he was looking left, about half a second before the accident. *See id.* ¶¶ II.B.23–24. After the collision, Bennett stopped the truck and exited the vehicle. *See id.* ¶ II.B.26. Bennett then called his supervisor at USPS, Steven Borheck, who arrived at the scene "within 20 minutes." Bennett Dep. 54:4–24. Borheck testified that debris "was all over the road" and that "[t]here was a lot of it." Borheck Dep. 23:25–24:7.

### B. Disputed Facts

#### i. The parties dispute whether plaintiff "slowed down" or "slammed on his brakes" before the accident.

Plaintiff testified that before the accident, he "slowed down a little bit"—to approximately 15–17 miles per hour—in order to get over the debris in the road. Dones Dep. 41:10–16, 42:18–21. Bennett, on the other hand, claims that plaintiff "slam[med] on his brakes," Bennett Dep. 24:21–24, and came to a "[s]udden stop," *id.* at 25:6–12.[4] The parties agree that a few seconds passed between when plaintiff pressed his brakes and the collision occurred. *See* Dones Dep. 43:23–44:6 (testifying that two seconds passed); Bennett Dep. 25:13–16 (testifying that three to five seconds passed).

---

[4] Bennett offers somewhat ambiguous testimony, first claiming that plaintiff was stopped for three to five seconds before the collision, *see* Bennett Dep. 23:5–24:17, and then stating that he never observed plaintiff's vehicle come to a complete stop, *see id.* at 75:3–19. Resolving this ambiguity in Bennett's favor, as I must on a motion for summary judgment, I assume Bennett's version of events is that plaintiff stopped abruptly.

### ii. The parties disagree over the impact of the debris on Bennett's actions.

Plaintiff argues that because Bennett was already braking when he saw the debris, *see* Bennett Dep. 31:17–32:23, the debris did not "interfere[] with [Bennett's] reacting properly," Pl.'s Br. 7, ECF No. 32; *see also id.* at 9 (suggesting that Bennett should have been able to "sufficiently stop from three car lengths away [in light of] having already seen the Plaintiff's vehicle begin to brake"). Bennett, however, claims that the debris prevented him from appropriately responding. Bennett testified that because the debris caused him to look left and attempt to change lanes, he was not applying adequate brake pressure to avoid the accident. *See* Bennett Dep. 72:15–73:16, 76:2–77:20.

## II. Procedural Background

On September 16, 2015, plaintiff filed a complaint against the United States under the Federal Torts Claim Act ("FTCA"). *See* Compl. ¶¶ 2, 5, ECF No. 1.[5] Plaintiff alleges that Bennett negligently operated a USPS truck, causing the motor-vehicle accident that resulted in plaintiff's injuries. *See* Compl. ¶¶ 11–14. On October 10, 2018, plaintiff moved for summary judgment against defendant on the issue of liability. *See* Pl.'s Br. 1–2. Defendant opposes this motion. *See* Def.'s Br. 1–2. Because disputes of material fact preclude a finding of negligence, plaintiff's motion for summary judgment is denied.

---

[5] The FTCA allows plaintiffs to recover "for . . . personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the accident in this case occurred in New York, New York tort law applies. *See Hyacinthe v. United States*, No. 05-cv-1363 (KAM)(VVP), 2009 WL 4016518, at *6 (E.D.N.Y. Nov. 19, 2009). Under New York law, the owner of a vehicle is generally liable for the negligence of the vehicle's operator. *See id.* Since plaintiff "operated the truck as an employee of the USPS, which is an instrumentality of defendant United States," the United States is liable for Bennett's negligence. *Id.* at *7.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed factual issues but to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and ellipses omitted) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525–26 (2d Cir. 1994)). In reviewing the record before it, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

# DISCUSSION

**I. The dispute over plaintiff's deceleration weighs against summary judgment.**

Under New York law, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle." *Muffaletto v. Sabol*, No. 15-CV-5967 (PKC), 2017 WL 4271437, at *3 (E.D.N.Y. Sept. 25, 2017) (alteration in original) (quoting *Nikolic v. City-Wide Sewer & Drain Serv. Corp.*, 53 N.Y.S.3d 684, 685 (App. Div. 2017)). The rear driver, however, can rebut this presumption of liability by providing a "nonnegligent explanation for the [rear-end] collision." *Id.* (quoting *Nikolic*, 53 N.Y.S.3d at 685). New York courts are split on whether the "sudden stop" of the vehicle ahead qualifies as a "nonnegligent" explanation. *See, e.g.*, *Hyacinthe*, 2009 WL 4016518, at *7 ("Courts have held non-negligent explanations to include . . . the sudden stop of the vehicle ahead." (quoting *Luizzi v. Pro Transp. Inc.*, No. 02 CV 5388(CLP), 2009 WL 252076, at *4 (E.D.N.Y. Feb. 2, 2009)); *Momchilov v. Chaduhry*, No. 04-CV-3159 (KAM), 2006 WL 1307978, at *2 n.4 (E.D.N.Y. May 11, 2006) ("While the Court is aware that a number of New York courts have held that a driver of the lead vehicle stopping short is insufficient to rebut the presumption of negligence arising from a rear-end collision, other New York courts have ruled that a vehicle's driver may be found negligent for making a sudden stop." (citations omitted) (citing cases)); *Cross v. Welcome*, No. 158732/2013, 2016 WL 4522064, at *3 (N.Y. Sup. Ct. Aug. 29, 2016) ("[T]he vast majority of cases in the Appellate Division, First Department hold that a sudden stop, standing alone, is insufficient to rebut the presumption of negligence." (citing cases)). Here, the parties contest whether plaintiff stopped suddenly before the accident. *See* Def.'s 56.1 ¶ II.A.8. While I do find that this dispute weighs against summary judgment, I

decline to weigh in on whether a sudden stop, standing alone, is material, because the potential application of the emergency doctrine provides a clear basis for denying summary judgment.

II. **The potential application of the emergency doctrine precludes summary judgment.**

"Under New York law, when an individual is confronted by a sudden emergency that he or she has not caused, that person is not held to the same accuracy of judgment or degree of care that would be required under ordinary circumstances." *Covey v. Simonton*, 481 F. Supp. 2d 224, 233 (E.D.N.Y. 2007) (citing *Rivera v. N.Y.C. Transit Auth.*, 569 N.E.2d 432, 434 (N.Y. 1991)). The New York Court of Appeals has held that this emergency doctrine applies to cases involving motor-vehicle accidents. *Id.* (citing *Caristo v. Sanzone*, 750 N.E.2d 36 (N.Y. 2001)). The application of the emergency doctrine bars a finding of driver negligence when (1) the driver "was faced with a sudden and unexpected situation which left him little to no time for deliberation; and (2) . . . [the driver] acted as a reasonable and prudent person would once he was in that situation." *Harders v. Estate of Tran*, No. 1:09–CV–00032 (LEK/RFT), 2010 WL 5168795, at *8 (N.D.N.Y. Dec. 14, 2010) (citing *Barber v. Young*, 656 N.Y.S.2d 529, 530–31 (App. Div. 1997)). Examples of "sudden and unexpected" circumstances include "the presence of [a] mattress in [a] roadway," *Covey*, 481 F. Supp. 2d at 233–34, "a sudden and temporary whiteout" from snow blowing across the road, *Barnes v. Dellapenta*, 974 N.Y.S.2d 707, 708 (App. Div. 2013), and "suddenly [being] cut off . . . by another vehicle, which did not have the right-of-way," *Maisonet v. Roman*, 30 N.Y.S.3d 24, 25 (App. Div.), *appeal dismissed*, 54 N.E.3d 1166 (N.Y. 2016).

Construing the facts in the light most favorable to Bennett, the first element of the emergency doctrine is satisfied. Like the mattress, snow, and vehicle, the piece of debris was unexpected material that suddenly entered the driver's line of sight. The second element of the

7

emergency doctrine—the reasonableness of the driver's reaction—is rarely resolved on a motion for summary judgment. *See Maisonet*, 30 N.Y.S.3d at 27 ("[E]xcept in the most egregious circumstances, an evaluation of the reasonableness of a defendant driver's reaction to an emergency is normally left to the trier of fact."); *see also Covey*, 481 F. Supp. 2d at 234 (holding that "the reasonableness of [defendant's] action in response to the emergency presented by the mattress in the road is an issue that cannot be decided on summary judgment"). Here, the question of whether Bennett acted reasonably by turning his head and failing to apply sufficient brake pressure depends on, *inter alia*, whether Bennett should have known the debris was a soft substance, whether plaintiff stopped abruptly, and whether Bennett had adequate notice from plaintiff's brake lights to avoid the accident regardless of the debris. Because a jury could resolve these factual disputes in Bennett's favor and conclude that he responded reasonably, summary judgment for plaintiff on the issues of negligence and liability is improper.[6]

## CONCLUSION

For the reasons stated in this opinion, the record does not demonstrate that defendant is liable as a matter of law. Accordingly, plaintiff's motion for summary judgment is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:  January 25, 2019
        Brooklyn, New York

---

[6] Plaintiff's argument that the emergency doctrine does not apply because Bennett "should reasonably have anticipated and been prepared to deal with the situation with which [he] was confronted," Pl.'s Br. 8 (quoting *Krynski v. Chase*, 707 F. Supp. 2d 318, 325 (E.D.N.Y. 2009) (alteration in original)), is unavailing. In *Krynski*, the court found the emergency doctrine inapplicable because the alleged emergency—"a potential lane-change by a[] . . . third party vehicle"—was not an emergency but rather "an entirely commonplace occurrence" that should be "anticipated and dealt with safely by a professional driver." *Krynski*, 707 F. Supp. 2d at 325–26. Because a piece of debris flying at one's car is far from a commonplace occurrence, the reasoning of *Krynski* does not apply.